UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 6:08-cr-177-Orl-19DAB

HARRY WILLIAM MARRERO

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Robert E. O'Neill, United States Attorney for the Middle District of Florida, and the defendant, HARRY WILLIAM MARRERO, and the attorneys for the defendant, George Couture and Stephen L. Langs, mutually agree as follows:

A.    **Particularized Terms**

1.    Count Pleading To

The defendant shall enter a plea of guilty to Counts One through Seven the Indictment. Count One charges the defendant with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371. Counts Two Through Seven charge the defendant with bank fraud, in violation of 18 U.S.C. § 1344.

2.    Maximum Penalties

Count One carries a maximum sentence of 5 years imprisonment, a fine of $250,000, and a term of supervised release of not more than 3 years. Counts Two through Seven each carry a maximum penalty as to each count of 30 years imprisonment, a fine of up to $1,000,000 and a term of supervised release of not more

Defendant's Initials _____          AF Approval _____
                                        Chief Approval _____

than 5 years.  Counts One through Seven require the imposition of a special assessment of $100 per felony count, said special assessment to be due on the date of sentencing.  With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3.    <u>Elements of the Offense(s)</u>

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

**18 U.S.C. § 371**

<u>First</u>:    That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

<u>Second</u>:    That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it;

<u>Third</u>:    That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the methods (or "overt acts") described in the indictment; and

<u>Fourth</u>:    That such "overt act" was knowingly committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy.

The elements of Counts Two through Seven are:

**18 U.S.C. § 1344**

<u>First</u>:    That the Defendant executed or attempted to execute a scheme to defraud Bank of America to obtain money from Bank of America by means of false or fraudulent pretenses,

Defendant's Initials _____    2    Chief Approval _____

representations, or promises relating to a material fact, as charged;

Second: That the Defendant did so willfully with an intent to defraud;

Third: That the false or fraudulent pretenses, representations, or promises were material; and

Fourth: That the financial institution was federally insured.

4.    No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

5.    Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

Defendant's Initials _____        3        Chief Approval _____

6.    <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

7.    <u>Cooperation - Substantial Assistance to be Considered</u>

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and

Defendant's Initials _____    4    Chief Approval _____

other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require.  If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both.  If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b).  In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.    Cooperation - Responsibilities of Parties

a.    The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime.  However, the defendant understands that the

Defendant's Initials _____    5    Chief Approval _____

government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

      b.    It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

      (1)    The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

      (2)    The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement.  With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby

Defendant's Initials _____    6    Chief Approval _____

waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)    The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)    The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)    The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

9.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 982, whether in the possession or control of the United States

Defendant's Initials _____         7          Chief Approval _____

or in the possession or control of the defendant or defendant's nominees. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense(s) to which defendant is pleading guilty and enter a preliminary order of forfeiture. Pursuant to Rule 32.2(b)(3), the defendant agrees that the preliminary order of forfeiture shall be final as to the defendant at the time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment.

The defendant agrees to forfeit all interests in the properties described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Defendant further agrees to take all steps necessary to locate property and to pass title to the United States before the defendant's sentencing. To that end,

Defendant's Initials _____    8    Chief Approval _____

defendant agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above wherever located. The defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control and those which are held or controlled by a nominee. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.

The defendant agrees that the United States is not limited to forfeiture of the property described above. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

Defendant's Initials _____          9          Chief Approval _____

**B.**    **Standard Terms and Conditions**

    1.    Restitution, Special Assessment and Fine

        The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987), including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

    2.    Supervised Release

        The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

    3.    Sentencing Information

        The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information,

Defendant's Initials _____          10          Chief Approval _____

including the totality of the defendant's criminal activities, if any, not limited to the

count(s) to which defendant pleads, to respond to comments made by the defendant or

defendant's counsel, and to correct any misstatements or inaccuracies. The United

States further reserves its right to make any recommendations it deems appropriate

regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii),

the defendant agrees to complete and submit, upon execution of this plea agreement,

an affidavit reflecting the defendant's financial condition. The defendant further agrees,

and by the execution of this plea agreement, authorizes the United States Attorney's

Office to provide to, and obtain from, the United States Probation Office or any victim

named in an order of restitution, or any other source, the financial affidavit, any of the

defendant's federal, state, and local tax returns, bank records and any other financial

information concerning the defendant, for the purpose of making any recommendations

to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered

by the Court.

4.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor

bound by this agreement. The Court may accept or reject the agreement, or defer a

decision until it has had an opportunity to consider the presentence report prepared by

the United States Probation Office. The defendant understands and acknowledges

that, although the parties are permitted to make recommendations and present

arguments to the Court, the sentence will be determined solely by the Court, with the

assistance of the United States Probation Office. Defendant further understands and

Defendant's Initials _____          11          Chief Approval _____

acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

5.      Defendant's Waiver of Right to Appeal and
        Right to Collaterally Challenge the Sentence

        The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

Defendant's Initials _____          12          Chief Approval _____

6.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and

Defendant's Initials _____        13        Chief Approval _____

the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

FACTS

On or about May 28, 2008, HARRY WILLIAM MARRERO opened three (3) business accounts at a Bank of America (BOA) branch, a financial institution, the accounts and deposits of which were insured by the Federal Deposit Insurance Corporation, located at 7605 Aloma Avenue, Winter Park, FL, in the Middle District of Florida.  MARRERO opened the accounts in the name of "Orlando Escrow Services, Inc.," and listed himself as the secretary of the corporation.  MARRERO was told by a

Defendant's Initials _____    14    Chief Approval _____

representative of BOA that the accounts would be held in non-use status until certified minutes from the corporation authorizing the opening of the accounts were obtained. The accounts listed the address of Orlando Escrow Services, Inc. as 10151 University Blvd., Ste. 111, Orlando, FL, 32817. This address is a United Parcel Service mail drop. BOA closed the bank accounts on June 20, 2008, due to the lack of proper documentation.

On or about June 20, 2008, MARRERO and another individual returned to the same BOA branch and advised bank employees that they were unhappy that their accounts had been closed. MARRERO and the other individual presented Florida Driver's licenses and Articles of Incorporation, and they requested a new business account be opened. The branch manager requested notarized minutes authorizing the opening of the account in order to open the account. In response to this request, the other individual hand wrote the authorization, and it was notarized. Thereafter, the bank manager opened the account for MARRERO and the other individual. MARRERO and the other individual presented a draft for $8,530,137.00 as the initial deposit into account number *******1777. The account was in the name of Orlando Escrow Services, Inc, with an address of 10151 University Blvd., Ste. 111, Orlando, FL, 32817, and a telephone number of (321) 277-0547. This account will be referred to as "OES Account #1."

The "draft" details are as follows:

ISSUER: The United Cities Group, Inc., 147 Alahambra Circle, Coral Gables, FL, 33134
SPECIAL NOTES: Operating Account, TUC Private Currency Office, 4101 E 11th Ave., Hialeah, FL, 33013
DATED: June 19, 2008

Defendant's Initials _____          15          Chief Approval _____

DRAFT NUMBER: 21005
AMOUNT: $8,530,137.00
PAYEE: Orlando Escrow Services, Inc., 434 E. Central Blvd., Orlando, FL, 32891
ROUTING TRANSIT: *****7847
ACCOUNT: *******1777
MAKER SIGNATURE: Angel Cruz

The payee address "434 E. Central Blvd., Orlando, FL," is a fictitious location.

The bank manager was uncomfortable with the draft because there was no bank name on the document and BOA's machine could not read the Magnetic Ink Character Recognition line on the draft. A provisional deposit of $8,530,137.00 was placed into the account. The check was then forwarded to the BOA proofing center for final approval for payment. The BOA proofing center had to create a Magnetic Ink Character Recognition line in order to allow their computer system the ability to read and identify the check's American Banking Association (ABA) routing number. After that was done, it was determined the ABA routing number on the draft, *****7847, was fictitious. BOA conducted a query on the issuer of the check, The United Cities ("TUC"), and found an Office of Comptroller of the Currency ("OCC") Alert referencing the issuing of worthless instruments by TUC.

On or about June 26, 2008, MARRERO made five (5) additional deposits into OES Account #1 at the BOA, downtown Orlando banking center branch, located in Orlando, Florida. The five drafts were identical to the one deposited by MARRERO on June 20, 2008, except for the dates, item numbers and amounts. The five deposits were made separately within a ten minute period. The bank employees deposited the five drafts into the account and issued deposit slips to MARRERO. The checks were

Defendant's Initials _____        16        Chief Approval _____

forwarded to the BOA processing center for final approval for payment.    A provisional

deposit of $5,850,000.00 was placed into the account.

The details of those five "drafts" are as follows:

ISSUER:  The United Cities Group, Inc., 147 Alahambra Circle, Coral Gables,
FL, 33134
SPECIAL NOTES: Operating Account, TUC Private Currency Office, 4101 E
11th Ave., Hialeah, FL, 33013
PAYEE: Orlando Escrow Services, Inc., 434 E. Central Blvd., Orlando, FL,
32891

| DRAFT NUMBERS: | AMOUNTS: |
| --- | --- |
| 21004 | $ 5,850,000.00 |
| 21007 | $50,000,000.00 |
| 21008 | $50,000,000.00 |
| 21009 | $50,000,000.00 |
| 21010 | $50,000,000.00 |

ROUTING TRANSIT: *****7847
ACCOUNT: *******1777
MAKER SIGNATURE: Angel CRUZ

On June 27, 2008, Gary Collins, BOA Corporate Security, received a call from

the BOA processing center asking if the checks that had been deposited into OES

Account #1 should be honored.  Mr. Collins looked at the account statements and

noticed that OES Account #1 had been provisionally credited with $5,850,000.00.  Mr.

Collins had the processing center immediately reverse all five deposits.

On or about June 27, 2008, Mr. Collins received a call from MARRERO inquiring

why the funds were not available.  Mr. Collins advised MARRERO that BOA believed

the drafts were fraudulent.  In response, MARRERO claimed that the drafts were

legitimate and had been issued by TUC.  Mr. Collins told MARRERO that the ABA

routing and transit numbers on the drafts were fictitious and the instruments were

non-negotiable.

Defendant's Initials _____        17        Chief Approval _____

On or about June 27, 2008, Mr. Collins also received a telephone call from Angel Cruz about the funds. Cruz told Mr. Collins that the drafts were valid and the bank was obligated to honor them. Mr. Collins told Cruz that BOA believed the drafts were fraudulent because the ABA routing and transit numbers were fictitious. Cruz asked Mr. Collins for his fax number to send over documentation from the U.S. Treasury to prove the drafts valid, which would in turn require the bank to release the funds.

On or about June 27, 2008, Mr. Collins received fax copies of a letter issued by TUC to the Department of Treasury, a document purportedly from the Department of the Treasury, and a document purportedly from the Department of Treasury, Bureau of Engraving and Printing. The document purportedly sent to the Department of Treasury by TUC, dated May 26, 2008, stated "TUC OFFERS TO RECAPITALIZE AND SECURITIZE THE FINANCIAL SYSTEM OF THE UNITED STATES THROUGH THE 'FINANCIAL MECHANISM' OF TUC." This letter was signed by Cruz. The document further stated, "IMPORTANT: This offer is good for 7 Working Days." Nothing in that document or the other two that were sent to Mr. Collins authorized TUC, MARRERO, or Cruz to manufacture and negotiate their own checks and/or drafts.

On or about July 3, 2008, Cruz, in his capacity as TUC Chief Executive Officer and Chairman, filed a "NOTICE AND DEMAND (INTERNATIONAL PRIVATE REMEDY)" with the Miami-Dade County Clerk of the Court, Records Department, against BOA. The suit demanded $15,250,000,000 as "damages for the injuries suffered by the Aggrieved Parties hereto as a result of the acts of the Adverse Parties in this matter." The suit further alleged "Theft by Conversion" by BOA for honoring the draft for $5,850,000.00 and then reversing the "completed" transactions. The filing

Defendant's Initials _____    18    Chief Approval _____

included, among other things, copies of all the six (6) drafts deposited and their accompanying deposit slips. The filing was signed by Cruz. To pay the filing fee for this lawsuit, Cruz presented to the Clerk of the Court a TUC "Certified Bank Draft" in the amount of $282.00 that was signed by Cruz.

Cruz manufactured false and fictitious drafts that were deposited by MARRERO. Cruz created a fictitious ABA routing number that was used on the TUC drafts for which Cruz was the maker and that were to be deposited. For his part, MARRERO knew that the drafts that he deposited, and caused to be deposited, as set forth in Counts Two through Seven of the Indictment were false and fictitious, and MARRERO acknowledges that the purpose of depositing the fictitious drafts, and causing them to be deposited, into the account at BOA was to defraud that federally insured financial institution and to obtain money and funds from it by means of false pretenses.

10.   <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _____   19   Chief Approval _____

11.    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _____ day of _____, 2008.

ROBERT E. O'NEILL
United States Attorney

HARRY WILLIAM MARREO
Defendant

By: _____
Carlos A. Perez-Irizarry
Assistant United States Attorney

Stephen L. Langs
Attorney for Defendant

_____
Roger B. Handberg
Assistant United States Attorney
Chief, Orlando Division

Defendant's Initials _____            20            Chief Approval _____